**No. 51790.**—California Ink Co. *v.* United States, protest 86015–K. (San Francisco).

CLINE, Judge: This suit against the United States arises by protest against the action of the collector at the port of San Francisco in assessing duty at 25 percent ad valorem under paragraph 328, Tariff Act of 1930, upon certain iron drums imported as containers of oiticica oil, a duty-free merchandise. The plaintiff claims that no duty is assessable inasmuch as paragraph 1615, as amended by the Customs Administrative Act of 1938, specially exempts from duty such metal drums as are of domestic or foreign manufacture, which have been exported empty and returned to the United States as usual containers or coverings of merchandise, or exported filled with products of the United States and returned empty, or as the usual containers or coverings of merchandise.

The pertinent provisions of the tariff act are as follows:

PAR. 328.  \*  \*  \*  cylindrical and tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty;  \*  \*  \*  25 per centum ad valorem;  \*  \*  \*.

PAR. 1615. (a) Articles, the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means.

(b)  \*  \*  \*  metal drums,  \*  \*  \*  of domestic or foreign manufacture, exported empty and returned as usual containers or coverings of merchandise, or exported filled with products of the United States and returned empty or as the usual containers or coverings of merchandise  \*  \*  \*.

At the trial there were admitted in evidence on behalf of the plaintiff the affidavits of importer for the free entry of American goods returned and the declarations of the foreign shipper before the American consul, with the facts therein shown, as well as the fact disclosed by the regular consular invoices that the drums contained free-of-duty merchandise. Upon such facts as are shown by the invoices and file of documents with the entry the plaintiff rested its case.

Counsel for the Government produced the certificates of exportation issued by the collector at the port of Philadelphia covering the quantities of drums recited in the foregoing affidavits as having been exported by the Atlantic Refining Co., the American shipper of the drums. These certificates were admitted in evidence as exhibit 1, which was filed in connection with entry 05552, and exhibit 2, pertaining to entry 06042.

The inspector who examined the drums at the time of their importation at San Francisco testified on behalf of the Government that he was requested to report the embossed marks appearing on the drums on the reverse side of the consumption entry permits. He testified that after an inspection of each drum he made a memorandum of the markings appearing thereon, if any, and identified the notations on the back of the entry permits herein as being in his handwriting.

An examiner of drums testified for the Government that he had examined the merchandise sent to the appraiser's stores from the shipments in question. He stated that from the inspector's report of the embossed marks he could determine whether or not the drums were manufactured in the United States. In his experience it was the practice to accept the embossed markings returned by the discharging inspectors as representing whatever marks appear upon drums, and to compare them with a published list of manufacturers' markings in order to determine whether or not they are of American manufacture. He testified specifically as to the drums covered by entry 05552 that the consumption entry

permit indicated to him from the embossed marks that 172 were of American manufacture, that the remainder bore no evidence of domestic manufacture, and that his return as to dutiable items was made solely on the ground that the drums were not embossed with a mark he recognized to be a mark used by American manufacturers.

The liquidator of the entries in question testified for the plaintiff that at the time he assessed the drums with 25 percent duty he had no information before him as to their origin other than as indicated by the inspector's returns and the advisory classification returned by the appraiser.

The record evidence before us discloses that entry 06042 covers two invoices, one for 225 drums and the other for 150.   The declarations of the foreign shipper on customs Form 129, the affidavit for free entry of American products on customs Form 3311, and the certificate of exportation signed by the collector at Philadelphia were filed in accordance with the regulations of the Secretary of the Treasury.

On the consumption entry permit with entry 06042, marked "Exhibit 3," the discharging inspector's report shows that 177 out of the 225-drum lot were returned as embossed with various markings, three of which were "Atlas ICC–SE," no embossed letters being found on the remaining 48.   In the 150-drum lot, 130 were returned as embossed, including 2 embossed with the letters "Ohio ICC–SE," the remaining 20 being returned as showing no embossed marks.   On the basis of such return, the collector assessed duty on 51 in the 225-drum lot and on 22 in the 150-drum lot, and exempted the remainder from duty.   In other words, duty was assessed on the drums showing no embossed marks and on those embossed with the letters or marks "ICC–SE."

As to entry 05552, covering 225 drums, the required affidavit, declaration, and certificate were filed in accordance with the regulations.   The discharging inspector's record on the back of the consumption entry permit discloses that 49 drums were not embossed and 176 were returned under various embossed markings, including 4 embossed—"Ohio ICC–SE."   Duty was assessed on 53 drums, the 49 returned as not embossed and the 4 embossed with "ICC–SE" lettering.

The plaintiff claims that the 73 drums assessed for duty on entry 06042 and the 53 assessed for duty on entry 05552 are entitled to free entry inasmuch as the requirements of the law were complied with as to all.   The Government contends that the plaintiff has failed to sustain the burden of proving that the drums assessed with duty were within the purview of paragraph 1615.

Under the provisions of paragraph 1615, metal drums previously exported from the United States of either domestic or foreign manufacture are exempt from duty upon reimportation providing they are used as containers for merchandise not subject to ad valorem rates of duty, and are properly identified in accordance with the regulations of the Secretary of the Treasury.   When such reimported drums contain ad valorem merchandise, they are subject to a duty, unless it is established that there was no drawback paid thereon at the time of exportation; in the absence of such proof, the duty to be levied is limited to the drawback usually paid on the exportation of the drums.   Of course, if the drums so returned are not identified to the satisfaction of the collector as being manufactured in the United States, or as foreign-made drums previously exported from the United States, the collector would be justified under the law in assessing duty thereon in accordance with the provisions of paragraph 328 covering the importations of drums, whether full or empty.   The question at issue, therefore, is whether or not the drums upon which duty was assessed were reimported.

A careful examination of the evidence fails to disclose anything to indicate that the drums with the letters "ICC–SE" embossed thereon are manufactures of the United States, or that those not embossed were of United States manufacture or of foreign construction and previously exported from the United States.   If

previously exported drums of foreign construction, they would be marked in such a manner under the regulations that their status as reimported foreign drums could be easily ascertainable.

As the record now appears, the plaintiff has failed to establish that the drums in question are American drums returned or foreign drums previously exported and reimported into the United States. We are of the opinion, therefore, that duty was properly assessed at 25 percent ad valorem under paragraph 328. Judgment will therefore be entered in favor of the Government.