**No. 55362.**—Imperial Gas Co. *v.* United States, protest 144196–K (Los Angeles).

JOHNSON, Judge: This action involves the assessment of duty at the rate of 25 per centum ad valorem under paragraph 328, Tariff Act of 1930, upon certain empty gas steel cylinders, size 20 inches by 48 inches, entry 0459 involving 33 cylinders and entry 0930 involving 53 cylinders. These cylinders were imported empty from Bombay, India, and Sydney, Australia, respectively. The plaintiff claims that no duty is assessable thereon, inasmuch as paragraph 1615, as amended by the Customs Administrative Act of 1938, specially exempts from duty such metal drums as are of domestic or foreign manufacture, which have been exported filled with products of the United States and returned empty.

The pertinent provisions of the tariff act are as follows:

PAR. 328. * * * cylindrical and tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty; * * * 25 per centum ad valorem; * * *.

PAR. 1615. (a) Articles, the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means.

(b) * * * metal drums, * * * of domestic or foreign manufacture, exported empty and returned as usual containers or coverings of merchandise, or exported filled with products of the United States and returned empty or as the usual containers or coverings of merchandise * * *.

At the trial there were admitted in evidence on behalf of the plaintiff the affidavits of the importer for the free entry of American goods returned and the declarations of the foreign shippers before the American consuls for the purpose of showing compliance with the regulations so far as those forms are concerned. As the drums were claimed to have been shipped from Los Angeles, the port of entry herein, it was contended that inasmuch as the drums covered by both the entries had been exported from the same port, it became unnecessary to file certificates of exportation.

An examination of the invoice with entry 0459 discloses that the drums there at issue were badly corroded and the "marks, if any, could not be found." The invoice with entry 0930 covers 106 empty cylinders. A notation in red ink appears thereon that identifying marks appeared on only approximately 50 per centum of the drums "due to corrosion and repainting over marks."

Two witnesses testified for the plaintiff, the vice president of the company, Philip Koch, and the plant superintendent, Mervell L. Jensen. The deputy collector of customs at Los Angeles, the examiner of the drums in question, and a customs verifier who assisted him in attempting to identify the merchandise as of American manufacture, testified on behalf of the Government.

The plant superintendent checked the cylinders coming into the plant by noting the condition thereof and ascertaining the serial numbers of the manufacturer

which are die-sunk into the metal. He checked the serial numbers, the I. C. C. specifications, and the manufacturers' identification marks of the cylinders in question. In doing so, he had not observed any cylinders whose numbers had been obliterated to such an extent as to be unidentifiable. He examined the cylinders in question and found they were American cylinders. The 106 cylinders, of which 53 were assessed with duty, were partly manufactured by the Day-and-Night Manufacturing Co., and partly by the Pressed Steel Co. The 33 cylinders assessed for duty were made by the Day-and-Night Water Heater Co. On cross-examination, however, this witness stated that he did not have any independent recollection of checking these cylinders, nor could he recall just how much work was done on the cylinders.

The vice president of the company testified that a number of cylinders of the particular size of the 33 here imported were exported on October 6, 1941, but at that time no record was kept of the cylinder numbers; that cylinders are exported by the size and the 33 cylinders returned are not necessarily part of the cylinders exported on October 6, 1941. His testimony concerning the 53 cylinders in question was of similar import.

The deputy collector of customs testified for the Government that he did not examine the records of the customhouse to find out if the cylinders appeared as having been exported on the dates of exportation. From the facts available to the collector, there were no records as far back as 1941. From the records available, there was nothing appearing which would identify the imported cylinders as having been identical with the cylinders shipped out.

Examiner Ackley testified that he looked these particular cylinders over very carefully for the purpose of identifying them but found no evidence as to the manufacturers. A wire brush was used to aid in his examination but the cylinders were very badly corroded, and the wire brush would not disclose any die mark or manufacturer's mark so he could not determine whether they were of American manufacture or not. In some places, he could identify the numbers of the drums but not the manufacturer. Customs Verifier Miles, who worked with the examiner, testified that he used a wire brush to scrape the cylinder but was unable to bring forth any identifying marks. His testimony verified generally the testimony of Examiner Ackley.

The only question in this case is whether the drums upon which the collector assessed duty were sufficiently identified as drums of American manufacture or foreign-made drums exported from the United States as containers of merchandise. A careful consideration of the evidence fails to disclose anything to establish that these drums actually were exported from the United States as containers of gas. The witnesses of plaintiff were unable to definitely state that these drums had been previously exported from their factory. All they could establish was that drums of the same size were exported.

In a similar case, *California Ink Co.* v. *United States*, 19 Cust. Ct. 96, Abstract 51790, this court held that the plaintiff had failed to establish that the drums in question were American drums returned or foreign drums previously exported and reimported into the United States. The identity not having been established, the protest was overruled.

In view of the record before us, judgment will be entered in favor of the Government.